UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WAYNE REED HEILBRUN, #1157243,

                Petitioner,

v.                                                      ACTION NO. 2:10cv70

GENE JOHNSON,
Director, Department of Corrections,

                Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

Petitioner Wayne R. Heilbrun ("Heilbrun"), a Virginia inmate proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Heilbrun's December 7, 2006 convictions by the Circuit Court for the City of Virginia Beach for stalking, trespassing, and three counts of destruction of property. Heilbrun was sentenced to thirty-six months with twenty-seven months suspended. He did not file a direct appeal of his convictions.

Heilbrun filed a habeas corpus petition in the Circuit Court for the City of Virginia Beach

on December 9, 2008.[1] The petition was denied and dismissed on February 10, 2009. Heilbrun's appeal of the decision to the Supreme Court of Virginia was denied on October 23, 2009.

Heilbrun, presently in the custody of the Virginia Department of Corrections at Baskerville Correctional Center in Baskerville, Virginia, conditionally filed this federal habeas petition on February 11, 2010. [Doc. No. 1.] Respondent filed a Motion to Dismiss and Rule 5 Answer [Docs. No. 13, 14], and Heilbrun filed his response to the Motion to Dismiss [Doc. No. 17]. Accordingly, this matter is now ripe for adjudication.

## Grounds Alleged

Heilbrun asserts the following:

1) Counsel was ineffective for failing to conduct a proper investigation

2) Counsel was ineffective for failing to properly advise him concerning the discovery waiver

3) Counsel was ineffective for failing to properly advise him regarding the withdrawal of jury request

4) Counsel was ineffective for failing to file a motion to appeal

(Pet. at 7.)

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Heilbrun's petition is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

---

[1] A discrepancy exists among the parties as to when the petition was filed. The respondent indicated the filing occurred on December 1, 2008, the petitioner said December 4, 2008, and the docket for the Circuit Court for the City of Virginia Beach shows the petition filed on December 9, 2008. The analysis contained in this Report and Recommendation remains the same regardless of which of the three dates is used in calculating the statute of limitations.

2

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

28 U.S.C.A. § 2244(d)(1) (2010). The statute of limitations, under 28 U.S.C. § 2244(d)(2), is tolled pending a properly filed state appeal or state habeas corpus petition.

In this case, Heilbrun failed to note an appeal of his December 7, 2006 convictions within thirty days. See Rule 5A:6, Rules of the Supreme Court of Virginia. Therefore, his convictions became final on January 8, 2007, and the one-year federal statute of limitations began to run. Had Heilbrun filed his state habeas corpus petition within one year, the statute of limitations on the federal habeas corpus claim would be tolled. However, the federal limitations period expired January 8, 2008, eleven months prior to Heilbrun executing his first state habeas petition on December 9, 2008. Therefore, the one-year statute of limitations period was never tolled, Heilbrun's claims are time-barred, and the Court will not address the merits of the claims.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED as barred by the statute of limitations, and the respondent's Motion to Dismiss be GRANTED.

Furthermore, Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
June 21, 2010

4

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Wayne Reed Heilbrun, #1157243
Baskerville Correctional Center
4150 Hayes Mill Road
Baskerville, VA 23915

Thomas D. Bagwell, Esq.
Office of Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____
Clerk of the Court

June 22, 2010