# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division


FILED
JUL 22 2010
CLERK US DISTRICT COURT
NORFOLK VA

WAYNE REED HEILBRUN, #1157243,

    Petitioner,

v.    ACTION NO. 2:10cv70

GENE JOHNSON,
Director, Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenged his December 7, 2006 convictions, by the Circuit Court for the City of Virginia Beach, for stalking, trespassing, and three counts of destruction of property.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for a report and recommendation. The Report and Recommendation filed June 21, 2010, recommends dismissal of the petition. Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On July 9, 2010, the Court received Petitioner's Objections to the Report and Recommendation.

Petitioner raises two substantive objections in his nine enumerated paragraphs. First, Petitioner claims that the Report and Recommendation improperly relied on 28 U.S.C. § 2244 when determining that his claim was barred by the statute of limitations. (Obj. at 2-3.) Petitioner argues that because he filed his habeas petition under 28 U.S.C. § 2254, that § 2244 is inapplicable. (Obj. at 2-3.) Such an assertion is contrary to the plain language of the statute which states, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C.A. § 2244(d)(1)(2010). Petitioner is a person in custody pursuant to the judgment of a state court petitioning for a writ of habeas corpus. Thus, the one-year statute of limitations outlined in 28 U.S.C. § 2244(d)(1) applies.

Second, in a series of statements regarding exhaustion and collateral review, Petitioner appears to make the argument that the filing of his state habeas petition on December 9, 2008 tolled the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). (Obj. at 4.) Petitioner is correct in noting that the law allows the federal statute of limitations to be tolled during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending . . . ." 28 U.S.C.A. § 2244(d)(2)(2010). However, as the Report and Recommendation illuminated, Petitioner's state habeas petition was

not filed until eleven months after the federal statute of limitations had already elapsed. Merely having the possibility to file in state court for collateral review does not toll the one-year statute of limitations. To toll the statute of limitations, a properly filed State habeas petition must be pending. 28 U.S.C. § 2244(d)(2) (emphasis added); see Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) (holding that "[a] state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition. . . . [i]n other words, the tolling provision [of 28 U.S.C. § 2244(d)(2)] does not operate to revive the one-year limitations period if such period has expired."). Petitioner did not file for any collateral review- state or federal- within the one-year statute of limitations. Thus, it was never tolled, and Petitioner's claims are time-barred.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed June 21, 2010. It is, therefore, ORDERED that the petition be DENIED and DISMISSED. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner has failed to demonstrate "a substantial showing of

the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Order by filing a <u>written</u> notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

/s/
Rebecca Beach Smith
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 22, 2010